■ PIERRE L. WILNER, Appellant, v LUCKNER GAUTHIER et al., Respondents. (And Another Action.) [694 NYS2d 754] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated July 24, 1998, as granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, with costs, the motions are denied, and the complaint is reinstated.

There exists a triable issue of fact as to whether the plaintiff sustained a "serious injury" within the meaning of Insurance law § 5102 (d). After the defendants made out a prima facie case for summary judgment, the treating physician submitted an affirmation in opposition to the defendants' motions for summary judgment which specifically noted, *inter alia*, that active flexion of the plaintiff's lower spine was restricted to 60 degrees. The physician who reviewed a treatment program with the plaintiff further asserted that the plaintiff's injuries were permanent. Therefore, the motions for summary judgment should have been denied (*see, Lombardi v Columbo,* 259 AD2d 524; *Ventura v Moritz,* 255 AD2d 506). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.

■ BRIAN YANEK, by His Father and Natural Guardian, THEODORE YANEK, et al., Respondents, v COUNTY OF NASSAU, Defendant, and VARUJAN MISKJIAN et al., Appellants. [695 NYS2d 300] —In an action to recover damages for personal injuries, etc., the defendants Varujan Miskjian and Va Va Dairies, Inc., appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated July 17, 1998, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in their favor and ordered a new trial.

Ordered that the order is reversed, on the law, with costs, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment on the verdict.

The Supreme Court erred in setting aside the jury verdict in favor of the appellants. The verdict was supported by a fair interpretation of the evidence and should not have been disturbed (*see, Shachnow v Myers,* 229 AD2d 432). Altman, J. P., Krausman, H. Miller and Schmidt, JJ., concur.