■ MERIS DAVIS, Appellant, v MARTIN COLEMAN et al., Defendants and Third-Party Plaintiffs-Respondents. JOHN H. CORSO, Third-Party Defendant-Respondent. [734 NYS2d 620] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated January 4, 2001, which granted the motion of the defendants third-party plaintiffs for summary judgment dismissing the complaint and the motion of the third-party defendant, *inter alia*, for the same relief on the ground that the plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motions are denied, and the complaint and third-party complaint are reinstated.

There exists a triable issue of fact as to whether the plaintiff sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). After the defendants made out a prima facie case for summary judgment, the plaintiff submitted evidence in admissible form which indicated that she sustained objectively measured, specifically quantified limitations of motion of her cervical spine. This was sufficient to raise a triable issue of fact as to whether she sustained a serious injury (*see, Wilner v Gauthier,* 264 AD2d 732; *McKinney v Corby,* 261 AD2d 454). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.