■ GABRIELLA MOLINA, Respondent, v NOSA CHOI, Defendant, and LUIS A. GUINAND, Appellant. [748 NYS2d 513] —In an action to recover damages for personal injuries, the defendant Luis A. Guinand appeals from so much of an order of the Supreme Court, Queens County (Dye, J.), dated January 22, 2001, as denied, with leave to renew upon the completion of discovery, his motion for summary judgment to dismiss the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, upon searching the record, by deleting the provision granting leave to renew the motion upon the completion of discovery; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied the appellant's motion for summary judgment on the issue of whether the plaintiff sustained a serious injury (see Insurance Law § 5102 [d]). In opposition to the appellant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether she sustained such an injury by submitting admissible evidence indicating that she sustained objectively-measured, specifically-quantified limitations of motion in her lumbar and cervical spines (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345; *Gomez v New York City Tr. Auth.*, 291 AD2d 431; *Grossman v Wright*, 268 AD2d 79, 84; *Wilner v Gauthier*, 264 AD2d 732).

However, the pending deposition of the appellant is not determinative of the issue of whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Thus, it was unnecessary to deny the appellant's motion for

summary judgment with leave to renew after the deposition was completed. Santucci, J.P., Smith, Krausman, H. Miller and Adams, JJ., concur.