■ Todd C. Ullman, Respondent-Appellant, v Gerald C. Musall, Individually and Doing Business as Musall Panel Door & Cabinet Co., et al., Respondents, and Wally Armour, Appellant-Respondent. [760 NYS2d 710] —Appeal and cross appeal from an order of Supreme Court, Cattaraugus County (Himelein, J.), entered July 9, 2002, which, inter alia, denied plaintiff's cross motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1) against defendant Wally Armour.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting plaintiff's cross motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1) against defendant Wally Armour and as modified the order is affirmed without costs.

Memorandum: Plaintiff was employed by a prime contractor hired by Wally Armour (defendant) in connection with the construction of a home owned by defendant's wife, defendant Mary Lee Armour (collectively defendants). Plaintiff commenced this action seeking damages for injuries that he sustained when coworkers on the third floor handed down to plaintiff on the second floor a sheet of drywall that was 12 feet long and weighed 125 pounds. The drywall slipped from the hands of a coworker and struck plaintiff's eye. We agree with plaintiff that Supreme Court erred in denying his cross motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1) against defendant. Contrary to defendants' contention, the court properly determined that plaintiff was injured when he was struck " 'by a falling object that was improperly hoisted or inadequately secured' " (*Panattoni v Inducon Park Assoc.*, 247 AD2d 823, 823 [1998]) and thus that this was a hazard contemplated by section 240 (1) (*see generally Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). The court erred, however, in determining that there is an issue of fact whether defendant was the general contractor. Plaintiff established that defendant designed the home, hired and scheduled the work of the prime contractors,

purchased liability insurance, was present on the site on a daily basis and placed a sign at the site stating that he was the general contractor. Defendants failed to raise a triable issue of fact with respect to defendant's status as a general contractor.

We agree with defendants, however, that the court properly granted those parts of their motion seeking summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 against defendant. Defendants established that defendant did not supervise or control the work of the various prime contractors and plaintiff failed to raise a triable issue of fact (see Krick v Fluor Daniel, 236 AD2d 783 [1997]). We further conclude that the court properly granted that part of the motion seeking summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) because none of the regulations allegedly violated applies to the facts here.

The court also properly granted that part of defendants' motion seeking summary judgment dismissing the complaint against defendant's wife because she produced uncontroverted proof that she is the owner of a single-family dwelling and that she exercised no supervision or control over the construction of the home (see Labor Law § 240 [1]; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]).

Finally, defendant Gerald C. Musall established that he did not exercise supervision or control over plaintiff's work and therefore is not liable as an agent of the owner or general contractor (see Nowak v Kiefer, 256 AD2d 1129, 1130 [1998], lv dismissed in part and denied in part 93 NY2d 887 [1999], rearg dismissed 93 NY2d 1000 [1999]). Plaintiff failed to raise a triable issue of fact, and thus we conclude that the court properly granted the motion of Musall for summary judgment dismissing the complaint against him.

We therefore modify the order by granting plaintiff's cross motion seeking partial summary judgment on the issue of liability under Labor Law § 240 (1) against defendant and otherwise affirm. Present—Wisner, J.P., Scudder, Kehoe, Gorski and Lawton, JJ.