■ Amos Dhanessur, Respondent, v Bugia, Inc., Doing Business as Basil Leaf Café, Appellant. [772 NYS2d 704]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), entered July 28, 2002, as granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in its favor on the issue of liability as against the weight of the evidence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the verdict is reinstated.

On March 9, 1998, the plaintiff, a service technician employed by Auto-Chlor Systems, was sent by his employer to fix a dishwasher at the defendant Bugia, Inc., doing business as Basil Leaf Café (hereinafter the Café). After fixing the dishwasher, the plaintiff allegedly slipped and fell on a floor mat located in the parking lot outside the back kitchen door of the Café. According to the plaintiff, one of the Café's employees had cleaned the mat with Super Red, a slippery chemical soap used in dishwashers, leaving the mat in a dangerous condition. After trial, the jury found in favor of the defendant on the issue of liability. The Supreme Court then granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence.

The proper standard for determining a motion to set aside a jury verdict is whether, upon the evidence presented, there was any rational basis by which the jury could base a finding in favor of the nonmoving party (*see Rhabb v New York City Hous. Auth.,* 41 NY2d 200 [1976]; *State Farm Ins. Co. v Amana Refrig.,* 266 AD2d 372 [1999]). Here, there was a rational basis upon which the jury could have found that the defendant did not create the allegedly dangerous condition that caused the plaintiff's

accident, or have actual or constructive notice of such condition. The jury could have discredited the plaintiff's testimony of his version of the accident, and found that the plaintiff did not slip on a soapy mat just cleaned by an employee of the defendant. No evidence was presented to establish that an employee used Super Red to clean the mat upon which the plaintiff allegedly fell (*see Knight v Certified Oils,* 239 AD2d 391 [1997]). In fact, evidence was presented that no mats were located outside of the restaurant, that the mats were never cleaned with Super Red, and that the mats were not cleaned on the day of the accident. Furthermore, evidence was presented that it was raining at the time of the accident. The jury could have found that the plaintiff merely slipped and fell on the wet pavement outside of the restaurant. Accordingly, the Supreme Court erred in granting the plaintiff's motion to set aside the verdict. Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.