■ STEVEN H. FISHER et al., Respondents-Appellants, v JEFFREY COGHLAN, Appellant-Respondent, et al., Defendant. [778 NYS2d 812]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered May 1, 2003. The order, among other things, denied plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 (1) claim and denied in part defendants' cross motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion, granting that part of the cross motion with respect to the Labor Law § 200 and common-law negligence claims against defendant Jeffrey Coghlan and dismissing those claims against him and as modified the order is affirmed without costs.

Memorandum: Steven H. Fisher (plaintiff) was injured when

a scaffold collapsed beneath him and he fell to the ground as he was installing a roof on a one-family dwelling being constructed on premises owned by defendant Sandra J. Coghlan. Plaintiffs commenced this action against Sandra and Jeffrey Coghlan (defendant), her husband, asserting a cause of action for common-law negligence and the violation of Labor Law §§ 200, 240 (1) and § 241 (6) and a derivative cause of action. Plaintiffs moved for partial summary judgment on liability on the Labor Law § 240 (1) claim against defendant, and defendants cross-moved for summary judgment dismissing the complaint, asserting with respect to sections 240 (1) and 241 (6) that they are exempt from liability as owners of a one-family dwelling who did not direct or control the work.

We note at the outset that it is undisputed that defendant developed the construction design with the architects; hired and paid all subcontractors, including plaintiff; hired a "clerk of the works," who scheduled, coordinated and monitored the work of the subcontractors; and furnished building materials and equipment. Defendants allege in their bill of particulars that defendant "acted as general contractor on his own and his wife's behalf insofar as arranging for the various items of construction work that were to be performed by individual subcontractors such as [plaintiff]." Defendant testified at his deposition that he "never thought of [him]self as a [general contractor]" and that the subcontractors "knew that [he] was the homeowner." Sandra stated in her affidavit that she considered defendant to be an owner and also her agent.

Supreme Court denied plaintiffs' motion and granted defendants' cross motion in part, dismissing the complaint against Sandra. In its letter decision, the court determined that defendant was not an owner of the premises because he had no legal interest therein and that there was a triable issue of fact whether defendant "acted as the 'general contractor' on the project or exercised supervision and control over the project at the time of plaintiff's injury." We agree that defendant was not an owner and thus is not entitled to the homeowner exemption on that basis. We further conclude, however, that defendant is subject to liability under sections 240 (1) and 241 (6) both as the owner's agent and as the general contractor.

Contrary to the contention of defendant, he is not an owner of the property within the meaning of sections 240 (1) and 241 (6) based on his spousal relationship. The term "owner" as used in those sections is not limited to titleholders, but also encompasses one who "has an interest in the property," such as a lessee or the owner of an easement, who contracted for or

otherwise has the right to control the work (*Copertino v Ward*, 100 AD2d 565, 566 [1984]; *see Lacey v Long Is. Light. Co.*, 293 AD2d 718, 718-719 [2002]; *Kane v Coundorous*, 293 AD2d 309, 311 [2002]). In our view, however, the term "owner" in sections 240 (1) and 241 (6) does not encompass a spousal relationship with the titleholder because that relationship does not create the requisite legal or beneficial interest in the property for purposes of those sections. "[T]he exemption from the strict liability of Labor Law §§ 240 and 241 for one and two-family homeowners is an exception to the clear legislative intent to protect[ ] workers . . . and as such, may properly be extended only so far as [the] language [of the exception] fairly warrants, and all doubts should be resolved in favor of the general provision rather than the exception" (*Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991] [internal quotation marks omitted]).

We conclude that defendant owed the duties imposed by sections 240 (1) and 241 (6) both as the general contractor and as the owner's agent. Defendant's bill of particulars and deposition testimony establish that defendant served as the general contractor and that, as such, he had full authority to direct and control the subcontractors on the project (*see Ullman v Musall*, 306 AD2d 813, 813-814 [2003]; *see also Relyea v Bushneck*, 208 AD2d 1077, 1078 [1994]; *see generally Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 301 [1978], *rearg denied* 45 NY2d 776 [1978]). Having acted with the full authority of the owner, he is also subject to the statutory duties as her agent (*see Smith v Artco Indus. Laundries*, 222 AD2d 1028, 1028-1029 [1995]; *Madigan v United Parcel Serv.*, 193 AD2d 1102, 1103 [1993]; *cf. Krick v Fluor Daniel*, 236 AD2d 783 [1997]; *see generally Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]). Our decisions in *Cody v Garman* (266 AD2d 850 [1999]) and *Nowak v Kiefer* (256 AD2d 1129 [1998], *lv dismissed in part and denied in part* 93 NY2d 887 [1999], *rearg dismissed* 93 NY2d 1000 [1999]) are not to the contrary. In those cases, the owner's alleged agents had not been delegated the owner's authority to direct, supervise or control the work. To the extent that our decisions in those cases suggest that the homeowner exemption extends to the owner's agent, per se, they are not to be followed. There being no dispute that the injuries here were proximately caused by the violation of Labor Law § 240 (1), plaintiffs are entitled to partial summary judgment on liability on that claim, and thus we modify the order accordingly.

We further conclude, however, that the court should have granted that part of defendants' cross motion seeking dismissal of the section 200 and common-law negligence claims against

defendant. Defendants established that defendant did not supervise or control plaintiff's work, and plaintiffs failed to raise a triable issue of fact (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Ullman*, 306 AD2d at 814). We therefore further modify the order accordingly. Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.