■ ARTHUR KERINS, Respondent-Appellant, v VASSAR COLLEGE, Appellant-Respondent, and KIRCHHOFF CONSTRUCTION MANAGEMENT, INC., Respondent. [790 NYS2d 697]—

In an action to recover damages for personal injuries, the defendant Vassar College appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 2, 2003, which, inter alia, denied that branch of its motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict in favor of the plaintiff and against it on the issue of liability on the cause of action alleging violation of Labor Law § 200 and common-law negligence, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted those branches of the motions of the defendant Kirchhoff Construction Management, Inc., pursuant to CPLR 4401 and 4404 (a) which were for a directed verdict and to set aside the verdict as against the weight of the evidence on the cause of action alleging violation of Labor Law § 200 and common-law negligence insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motions of the defendant Kirchhoff Construction Management, Inc., which were for a directed verdict and to aside the verdict as against the weight of the evidence on the cause of action alleging violation of Labor Law § 200 and common-law negligence insofar as asserted against it and substituting therefor provisions denying those branches of the motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, and the verdict is reinstated against that defendant, with one bill of costs to the plaintiff payable by the defendant Kirchhoff Construction Management, Inc., and one bill of costs to the plaintiff payable by the defendant Vassar College.

The plaintiff's employer, Swiss Electric Enterprises, Inc., had

a contract with Vassar College (hereinafter Vassar) to install security equipment. Kirchhoff Construction Management, Inc. (hereinafter Kirchhoff), was the general contractor hired by Vassar to build a corridor in its building. A set of heavy double doors separated the corridor from an auditorium where Kirchhoff was performing additional construction work.

Workers used the double doors to gain access from one work site to another. While following his supervisor through the double doors, one of the doors slammed shut, and the plaintiff impaled his hand on the door's broken pane of glass.

After trial, the jury found that Vassar and Kirchhoff both violated Labor Law § 200 and were negligent, that their statutory violations and negligence were substantial factors in causing the accident, and that the plaintiff was not comparatively negligent. The jury apportioned liability 51% to Vassar and 49% to Kirchhoff. Vassar and Kirchhoff separately moved, inter alia, pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, on that cause of action. The trial court granted that branch of Kirchhoff's motion and denied that branch of Vassar's motion, finding that the defective condition existed for a sufficient period of time to permit the jury to conclude that Vassar had constructive notice of it.

The trial court erred in setting aside the jury verdict on that cause of action insofar as asserted against Kirchhoff, since there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury based on the evidence presented at trial (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Nicastro v Park, 113 AD2d 129 [1985]).

In particular, the evidence showed that Kirchhoff had actual notice of the dangerous condition, as well as control over the site where the injury occurred (see Blysma v County of Saratoga, 296 AD2d 637, 639 [2002]; Riccio v Shaker Pine, 262 AD2d 746, 748 [1999]). It was undisputed that Kirchhoff had actual notice of the door's broken pane of glass more than a year before the accident. In addition, Kirchhoff's vice-president and project supervisor, testified that the first thing Kirchhoff did when it performed its demolition work was to barricade the subject doors with heavy timber. Further, Kirchhoff painted both sides of the doors, concealed a curved head, and constructed an arch at the top of the doors.

Accordingly, the verdict against Kirchhoff was supported by a fair interpretation of the evidence and should not have been disturbed (see Nicastro v Park, supra; Yanek v County of Nassau, 264 AD2d 732 [1999]; White v Rubinstein, 255 AD2d 378 [1998]).

With regard to Vassar, there was a valid line of reasoning and permissible inferences which could lead a rational jury to conclude that it had constructive notice of the dangerous condition which caused the plaintiff's accident (*see Abayev v Jaypson Jewelry Mfg. Corp.*, 2 AD3d 548, 549 [2003]). Contrary to Vassar's contentions, if the plaintiff was injured in whole or in part as a result of the existence of a dangerous condition on its property, of which it had actual or constructive notice, it may be held liable for the plaintiff's injuries under Labor Law § 200 and common-law negligence irrespective of whether Vassar supervised the plaintiff's work (*see Blanco v Oliveri*, 304 AD2d 599 [2003]; *Shipkoski v Watch Case Factory Assoc.*, 292 AD2d 589 [2002]). Further, the verdict with respect to Vassar was supported by a fair interpretation of the evidence and should not be disturbed (*see Nicastro v Park, supra; Yanek v County of Nassau, supra; White v Rubinstein, supra*).

Vassar's remaining contentions either are academic or without merit. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.