MICHAEL KEANEY, Appellant, v CITY OF NEW YORK et al., Respondents. [808 NYS2d 335]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated August 22, 2003, as, upon reargument, adhered to a prior determination of the same court granting the defendants' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in his favor.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, the defendants' mo-

tion to set aside the verdict is denied, and the verdict in favor of the plaintiff is reinstated.

This action alleging a violation of Labor Law § 240 (1) arises from an accident which occurred while the plaintiff was hoisting wooden planks to the top of a building which was undergoing renovation. The evidence presented at trial established that at the time of the accident, the plaintiff was a laborer employed by York Scaffold. In the summer of 1999 York Scaffold was engaged in erecting a sidewalk bridge and scaffolding in connection with a project to renovate and modernize Public School 99 in Queens. On the date of the accident, the plaintiff was standing on a sidewalk bridge approximately eight feet off the ground, which ran around the perimeter of the school. The plaintiff's assignment that day was to use a rope pulley to hoist wooden planks from the sidewalk bridge to the top of the scaffolding, which was approximately 30 to 35 feet above him. At trial, the plaintiff explained that he would secure the planks to the rope pulley by tying them in three separate places, and then hoist the planks to the top of the scaffolding. When the planks reached the top of the scaffolding, two other workers would untie them while the plaintiff held the rope steady. After untying the planks, the workers on top of the scaffolding would toss the rope back down to the plaintiff. The planks were 10 feet long and weighed about 20 to 25 pounds each, and the plaintiff was hoisting two planks at a time. On the date of the accident, the plaintiff was wearing a safety helmet provided by his employer, and work gloves he had purchased himself.

Describing how the accident occurred, the plaintiff testified that he had just hoisted two planks to the top of the scaffolding, and was still holding the rope in his hand, when the rope went limp, and the planks struck his shoulder. The plaintiff was looking down at the moment the planks struck him, and did not see them fall. Although the plaintiff heard a coworker shout out a warning, by this point he had already been hit. As a result of the accident, the plaintiff sustained a fracture of his right scapula.

At the conclusion of the trial, the jury returned a verdict finding that the defendants violated Labor Law § 240 (1) by failing to provide the plaintiff with a hoist which could be operated so as to give him proper protection. However, the trial court granted the defendants' motion to set aside the verdict, concluding that it was speculative because there was no evidence as to what caused the lumber to fall. The plaintiff thereafter moved for leave to reargue, and the court granted reargument but adhered to its determination.

The proper standard for determining a motion to set aside a jury verdict is whether, upon the evidence presented, there is any rational process by which the jury could base a finding in favor of the nonmoving party (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Kerins v Vassar Coll.*, 15 AD3d 623 [2005]; *Dhanessur v Bugia, Inc.*, 4 AD3d 499 [2004]). Applying this standard here, the trial court erred in setting aside the jury's determination that the defendants had violated Labor Law § 240 (1).

Labor Law § 240 (1) imposes absolute liability upon owners and contractors for their failure to provide workers with safety devices that properly protect against elevation related hazards (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974 [2003]). Pursuant to the statute, owners and contractors are required to "furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]) to construction workers employed on the premises. In order to establish that Labor Law § 240 (1) applies in a "falling object" case such as at bar, a plaintiff must show that the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]).

The evidence presented at trial demonstrated that the plaintiff was injured while using a rope pulley to hoist wooden planks to the top of scaffolding approximately 30 to 35 feet above him. Thus, the plaintiff's injuries were attributable to the very type of elevation-related risk that Labor Law § 240 (1) was intended to address. Moreover, while the plaintiff testified that he was looking down when the planks struck him, and was thus unable to determine precisely why they fell, the jury could have rationally concluded based upon circumstantial evidence that the safety device with which the plaintiff had been provided for hoisting failed to perform its core objective under Labor Law § 240 (1) of preventing the planks from being unintentionally released. Regardless of why the planks fell, there was a valid line of reasoning and permissible inferences which could lead a rational jury to conclude that the rope pulley failed to provide the plaintiff with proper protection, and that his accident and injuries were thus caused by the inadequacy of a safety device enumerated in Labor Law § 240 (1) (*see Powell v Sodus Cold Stor. Co.*, 289 AD2d 1000 [2001]; *see also Ullman v Musall*, 306 AD2d 813 [2003]). The jury also could have reasonably found

that other safety devices which could have prevented an accident of this nature were not provided (*see Bornschein v Shuman*, 7 AD3d 476 [2004]; *Tylutki v Tishman Tech.*, 7 AD3d 696 [2004]; *Ullman v Musall, supra; Cosgriff v Manshul Constr. Corp.*, 239 AD2d 312 [1997]). Accordingly, the trial court should not have granted the defendants' motion to set aside the verdict. Prudenti, P.J., Florio, Krausman and Rivera, JJ., concur.