■ PUBLIC ADMINISTRATOR OF KINGS COUNTY, Respondent, v 8 B.W., LLC, et al., Defendants and Third-Party Plaintiffs-Appellants. MORDECHAI RUBBISH, INC., Third-Party Defendant-Respondent. [836 NYS2d 634]—

In an action, inter alia, to recover damages for wrongful death, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated March 21, 2005, as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging violations of Labor Law § 240 (1), and denied that branch of their cross motion which was for summary judgment on their third-party causes of action for common-law indemnification.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment in favor of 8 B.W., LLC, on its third-party cause of action for common-law indemnification and substituting therefor a provision granting that branch of the cross motion conditionally in the event that the plaintiff recovers against 8 B.W., LLC; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Labor Law § 240 (1) requires contractors and owners to provide workers with appropriate safety devices to protect against "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). However, "[t]he protections of Labor Law § 240 (1) are not implicated simply because

the injury is caused by the effects of gravity upon an object" (*Melo v Consolidated Edison Co. of N.Y.,* 92 NY2d 909, 911 [1998]). The plaintiff failed to establish, as a matter of law, that the accident arose from the type of elevation-related risk contemplated by the statute since there are issues of fact as to exactly how the accident occurred (*see Malecki v Wal-Mart Stores,* 222 AD2d 1010 [1995]; *Genco v City of New York,* 211 AD2d 615, 616 [1995]). Accordingly, the Supreme Court erred in granting the plaintiff's motion for summary judgment on the issue of liability on his cause of action alleging violations of Labor Law § 240 (1).

Furthermore, that branch of the cross motion of the defendant third-party plaintiffs which was for summary judgment in favor of 8 B.W., LLC (hereinafter 8 B.W.), on its third-party cause of action for common-law indemnification against the third-party defendant should have been conditionally granted. To be entitled to indemnification, 8 B.W. was required to show that "no negligent act or omission on its part contributed to the plaintiff's injuries, and that its liability is therefore purely vicarious" (*Coque v Wildflower Estates Developers, Inc.,* 31 AD3d 484, 489 [2006]). Since there was no evidence that 8 B.W. was negligent it established its entitlement to judgment as a matter of law on its third-party cause of action for common-law indemnification (*see Dawson v Pavarini Constr. Co.,* 228 AD2d 466, 468 [1996]) in the event that the plaintiff recovers against it. In opposition, the third-party defendant did not raise a triable issue of fact.

However, the Supreme Court properly denied that branch of the cross motion which was for summary judgment in favor of the defendant third-party plaintiff Freeport Construction Co. (hereinafter Freeport), on its third-party cause of action for common-law indemnification. Where, as here, a plaintiff's injuries are alleged to have arisen not from the manner in which the work was being performed, but rather, from a dangerous condition on the premises, a general contractor may be liable if it has control over the work site and actual or constructive notice of the dangerous condition that caused the accident (*see Keating v Nanuet Bd. of Educ.,* 40 AD3d 706 [2007]; *Kerins v Vassar Coll.,* 15 AD3d 623, 625-626 [2005]; *Blysma v County of Saratoga,* 296 AD2d 637, 639 [2002]). Freeport failed to make a prima facie showing that it was not actively negligent and thus failed to establish its entitlement to judgment as a matter of law on its third-party cause of action for common-law indemnification.

To the extent that the defendants third-party plaintiffs raise

issues concerning those branches of their cross motion which were for summary judgment dismissing the plaintiff's causes of action alleging violations of Labor Law §§ 200 and 241 (6), we do not reach those issues, as those branches of the cross motion remain pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Rivera, J.P., Santucci, Florio and McCarthy, JJ., concur.