VENROY FRANCIS et al., Appellants, v FOREMOST CONTRACTING CORP. et al., Respondents, et al., Defendant. [849 NYS2d 618]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated June 19, 2006, as denied that branch of their cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted that branch of the motion of the defendant Foremost Contracting Corp., in which the defendants Astoria Realty, Inc., and

Astoria, LLC, joined, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of Foremost Contracting Corp., in which the defendants Astoria Realty, Inc., and Astoria, LLC, joined, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1998 the injured plaintiff Venroy Francis (hereinafter the plaintiff) was a steelworker employed by nonparty Five Star Steel, which had been hired by the defendant Foremost Contracting Corp. (hereinafter Foremost), the general contractor on a construction project in the Bronx. The defendants Astoria Realty, Inc., and Astoria, LLC (hereinafter together Astoria), and Abraham Scharf were the owners of the subject premises.

The plaintiff was injured as he and several coworkers were unloading a large steel beam from a flatbed truck. The plaintiff, who was standing on the surface of the flatbed truck, attempted to use a cherry picker to unload the beam, but that device apparently was too small to lift the beam. The plaintiff and other workers then used a "long piece of metal" or a "spike" as a lever to pry the beam off the truck. As the beam was being unloaded, it twisted and struck the plaintiff, knocking him off the truck. As he lay on the ground, the beam fell from the truck and "hit [him] in the ankle."

In 1999 the plaintiff and his wife (hereinafter the plaintiffs) commenced this action against Foremost, Astoria, and Scharf, asserting causes of action pursuant to Labor Law §§ 200, 240 (1), and § 241 (6). Insofar as is relevant to this appeal, Foremost moved, among other things, for summary judgment dismissing the complaint and the plaintiffs cross-moved for summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1). The Supreme Court denied that branch of the cross motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1), and granted that branch of Foremost's motion, in which Astoria joined, which was for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against them. We modify.

Labor Law § 240 (1) requires owners and contractors to

provide workers with appropriate safety devices to protect against "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *Public Adm'r of Kings County v 8 B.W., LLC*, 40 AD3d 834 [2007]). "Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240 (1). Rather, liability is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]; *see Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). In other words, "[a] plaintiff must show that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *see Keaney v City of New York*, 24 AD3d 615, 617 [2005]; *Turczynski v City of New York*, 17 AD3d 450 [2005]; *Sierzputowski v City of New York*, 14 AD3d 606, 607 [2005]).

Foremost and Astoria failed to make "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). There exists a triable issue of fact as to whether the defendants were obligated to substitute, in place of the cherry picker and the "spike," other devices, such as "hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, [or] ropes," in order to prevent the beam from falling on top of the injured plaintiff (Labor Law § 240 [1]; *see Mentesana v Bernard Janowitz Constr. Corp.*, 44 AD3d 721 [2007]; *Palacios v Lake Carmel Fire Dept., Inc.*, 15 AD3d 461 [2005]; *cf. Toefer v Long Is. R.R.*, 4 NY3d 399, 408 [2005]). Therefore, the Supreme Court erred in granting summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Foremost and Astoria.

We note that the contention of Astoria, LLC, regarding the denial of that branch of its cross motion which was for summary judgment on its cross claims against Foremost for common-law and contractual indemnification is not properly before this Court, as it did not appeal from the order (*see* CPLR 5515). Rivera, J.P., Covello, Balkin and McCarthy, JJ., concur.