■ MARK YORK, Respondent-Appellant, v PHILIP G. STEYAERT, Appellant-Respondent, and LUCILLE A. KINNEY, Respondent. [856 NYS2d 760]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (David M. Barry, J.), entered April 23, 2007 in a personal injury action. The order, inter alia, granted the cross motion of defendant Lucille A. Kinney for summary judgment dismissing the complaint against her.

Now, upon the stipulation discontinuing action against defendant Philip G. Steyaert signed by the attorneys for plaintiff and that defendant and filed in the Monroe County Clerk's Office on December 11, 2007,

It is hereby ordered that said appeal is unanimously dismissed upon stipulation and the order is affirmed without costs.

Memorandum: Plaintiff contends on appeal that Supreme Court erred in granting the cross motion of Lucille A. Kinney (defendant) for summary judgment dismissing the complaint against her. We reject that contention, although our reasoning differs from that of the court. Plaintiff commenced this action pursuant to Labor Law § 240 (1) seeking damages for injuries he sustained when he fell from a ladder at a house owned by defendant's brother, defendant Philip G. Steyaert. Defendant was given a life use of the house by her brother, and she resides

there. Pursuant to an agreement between defendant and her brother, defendant paid the real estate taxes and insurance premiums, and her brother paid for the necessary maintenance and repair expenses, which were in excess of $750 per year. Thus, although defendant contracted with plaintiff's employer to replace the roof on the house, her brother provided her with the funds necessary to pay for the roof replacement. In granting the cross motion, the court rejected plaintiff's contention that defendant acted as her brother's agent in hiring plaintiff's employer to replace the roof and thus was liable under Labor Law § 240 (1) based on her authority to control the work (*see Fisher v Coghlan*, 8 AD3d 974, 975-976 [2004], *lv dismissed* 3 NY3d 702 [2004]). The court instead determined that defendant lacked the authority to direct and control plaintiff's work and thus did not act as her brother's agent (*see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 292-293 [2003]). We conclude, however, that the cross motion was properly granted because defendant is "one who 'has an interest in the property' " by virtue of her life estate, and she therefore is exempt from liability under Labor Law § 240 (1) as an owner of a one-family dwelling (*Fisher*, 8 AD3d at 975). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.