■ ALEX BANEGAS, Appellant, v CONNIE FARR et al., Respondents. [996 NYS2d 691]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated March 6, 2013, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and denied that branch of his cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants hired the plaintiff to clean insulation on the roof of their home. While engaged in this work, the plaintiff allegedly fell from the roof and sustained injuries. The plaintiff commenced this action against the defendants, asserting, among others, causes of action to recover damages for violations of Labor Law §§ 240 (1) and 241 (6).

The Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) on the ground that the defendants were entitled to the protection of the homeowner exemption contained in those provisions, which exempts "owners of one and two-family dwellings who contract for but do not direct or control the work" from the liability imposed by those provisions (Labor Law §§ 240 [1]; 241 [6]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 126-127 [2008]). The defendants made a prima facie showing that they were entitled to the protection of the homeowner exemption by submitting evidence that their home was a single-family residence and that they did not supervise the methods or manner of the plaintiff's work (*see DiMaggio v Cataletto*, 117 AD3d 984, 986 [2014]; *Nai Ren Jiang v Shane Yeh*, 95 AD3d 970, 972 [2012]; *Chowdhury v Rodriguez*, 57 AD3d at 126-127; *Angelucci v Sands*, 297 AD2d 764, 764 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to the applicability of the exemption. Accordingly, the defendants were entitled to summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

For the same reasons, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.