■ JOSE HERNANDEZ GARCIA, Appellant, v POND ACQUISITION CORPORATION, Respondent. [16 NYS3d 755]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated December 20, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant is the owner of a home in East Hampton. The plaintiff alleged that he was injured when he fell from a defective scaffold while painting the theater at a home owned by the defendant, and commenced this action asserting violations of Labor Law §§ 240 (1) and 241 (6). The defendant moved for summary judgment dismissing the complaint, claiming that it was entitled to the homeowner's exemption to the Labor Law, as the home was a one-family dwelling, and the defendant did not direct or control the plaintiff's work. The Supreme Court granted the motion. We affirm.

The "homeowner's exemption to liability under Labor Law § 240 (1) and § 241 (6) is available to 'owners of one and two-family dwellings who contract for but do not direct or control the work' " (*Holifield v Seraphim, LLC*, 92 AD3d 841, 842 [2012], quoting Labor Law §§ 240 [1]; 241 [6]; *see Parise v Green Chimneys Children's Servs., Inc.*, 106 AD3d 970, 971 [2013]). To receive the protection of the homeowner's exemption, the homeowner must satisfy two prongs required by the statutes. First, the homeowner must show that "the work was conducted at a dwelling that is a residence for only one or two families," and second, the homeowner must show that it did not "direct or control the work" (*Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008] [internal quotation marks omitted]).

Here, in support of its motion for summary judgment, the defendant established its prima facie entitlement to judgment as a matter of law with respect to the homeowner's exemption. The defendant submitted evidence showing that the home was used solely as a residence and not to operate a business or generate income, and that the defendant did not direct or control the work being performed (*see Parise v Green Chimneys Children's Servs., Inc.*, 106 AD3d at 971; *Holifield v Seraphim, LLC*, 92 AD3d 841, 842 [2012]).

In opposition to defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Banegas v Farr*, 122 AD3d 783 [2014]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.