Sanders v Sanders-Morrow (2019 NY Slip Op 08436)





Sanders v Sanders-Morrow


2019 NY Slip Op 08436


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-04006
 (Index No. 4191/14)

[*1]Steven Sanders, appellant,
v
Carolyn Sanders-Morrow, et al., respondents.


Pavlounis & Sfouggatakis, LLP, Brooklyn, NY (Andrew G. Sfouggatakis of counsel), for appellant.
Connors & Connors, P.C., Staten Island, NY (Robert J. Pfuhler of counsel), for respondent Carolyn Sanders-Morrow.
Fishman & Tynan, Merrick, NY (John Fishman and Maureen Tynan of counsel), for respondent William Morrow.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for respondent Dolores Morrow.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated March 6, 2017. The order granted the separate motions of the defendants Carolyn Sanders-Morrow, William Morrow, and Dolores Morrow for summary judgment dismissing the complaint insofar as asserted against each of them and denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff allegedly was injured on November 2, 2013, when he fell from a ladder while removing gutters from a home in Queens. The subject property was formerly owned by Willie Mae Morrow (hereinafter Willie Mae), who passed away intestate in 1997. The property was inherited by Willie Mae's surviving children, two of whom are the defendants Carolyn Sanders-Morrow (hereinafter Carolyn) and Dolores Morrow (hereinafter Dolores). According to the plaintiff, he was hired by Carolyn, who is also his mother, and the defendant William Morrow, who is Dolores' son and his cousin, to remove gutters from the subject property. The deed and the certificate of occupancy designate the subject property as a one-family dwelling, but the subject property is divided into three separate living spaces. At the time of the accident, William resided on the first floor, Carolyn resided on the second floor, and Dolores resided on the third floor. The plaintiff commenced this action to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240, and 241(6), as well as common-law negligence. After the conclusion of discovery, William, Dolores, and Carolyn separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court granted the separate motions of William, Carolyn, and Dolores and denied the plaintiff's cross motion. The plaintiff appeals.
The homeowner's exemption to liability under Labor Law §§ 240(1) and 241(6) is available to "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law §§ 240[1]; 241[6]; see Nicholas v Phillips, 151 AD3d 731, 731; Garcia v Pond Acquisition Corp., 131 AD3d 1102, 1103; Holifield v Seraphim, LLC, 92 AD3d 841, 842). In order to be entitled to the protection of the homeowner's exemption, the homeowner must demonstrate (1) that the work was conducted at a dwelling that is a residence for only one or two families, and (2) that the homeowner did not direct or control the work (see Garcia v Pond Acquisition Corp., 131 AD3d at 1103; Chowdhury v Rodriguez, 57 AD3d 121, 126).
Dolores and Carolyn made a prima facie showing that they were entitled to the benefit of the homeowners' exemption (see Garcia v Pond Acquisition Corp., 131 AD3d at 1103; Chowdhury v Rodriguez, 57 AD3d at 126). In this regard, the subject property is classified as a one-family dwelling. Although the subject property is divided into separate living areas, it is occupied by Dolores and Carolyn, who are sisters, and Dolores' son, William. The subject property has only one front entrance, and the second and third floors are accessible by interior staircases. Further, Dolores, Carolyn, and William each contribute $500 per month into a bank account jointly held by William and Carolyn for the purpose of paying common household expenses, such as taxes, gas, and repair work to the common areas and exterior of the subject property. As such, the subject property functions exclusively as a private family home and falls within the scope of the exemption (see Sandals v Shemtov, 138 AD3d 720, 721; Castro v Mamaes, 51 AD3d 522, 523). The parties' deposition testimony also established, prima facie, that the defendants did not direct or control the plaintiff's work (see Youseff v Malik, 112 AD3d 617, 618; Tomecek v Westchester Additions & Renovations, Inc., 97 AD3d 737, 738). In opposition, the plaintiff failed to raise a triable issue of fact (see Nicholas v Phillips, 151 AD3d 731, 732; Chowdhury v Rodriguez, 57 AD3d at 126-127).
William was not entitled to the protection of the homeowner's exemption because he was not an "owner" under Labor Law §§ 240(1) and 241(6) (see Abdou v Rampaul, 147 AD3d 885, 886; Fisher v Coghlan, 8 AD3d 974, 975-976). William, however, demonstrated his prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 240(1) and 240(6) causes of action insofar as asserted against him by establishing that liability could not be imposed upon him as a contractor or agent within the meaning of Labor Law §§ 240(1) and 241(6). "A party is deemed to be an agent of an owner or general contractor under the Labor Law when it has supervisory control and authority over the work being done where a plaintiff is injured" (Linkowski v City of New York, 33 AD3d 971, 974-975; see Walls v Turner Constr. Co., 4 NY3d 861, 863-864; Russin v Louis N. Picciano & Son, 54 NY2d 311, 318; Rodriguez v Mendlovits, 153 AD3d 566, 568). "To impose . . . liability [under the Labor Law], the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Linkowski v City of New York, 33 AD3d at 975; see Samaroo v Patmos Fifth Real Estate, Inc., 102 AD3d 944, 946; Williams v Dover Home Improvement, 276 AD2d 626, 626). In support of his motion, William submitted, inter alia, a transcript of the plaintiff's deposition testimony, which demonstrated that he lacked the authority to supervise or control the plaintiff's work (see Rodriguez v Mendlovits, 153 AD3d at 569; Vazquez v Humboldt Seigle Lofts, LLC, 145 AD3d 709, 710; Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 697). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting those branches of the separate motions of Dolores, Carolyn, and William which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against each of them and denying the plaintiff's cross motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
We also agree with the Supreme Court's determination granting those branches of the separate motions of Dolores, Carolyn, and William which were for summary judgment dismissing the cause of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against each of them. Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Cooper v State of New York, 72 AD3d 633, 635). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Torres v City of New York, 127 AD3d 1163, 1165; see [*2]Ortega v Puccia, 57 AD3d 54, 61). Here, the plaintiff's injuries did not arise from a dangerous condition on the premises, but from the manner in which the work was being performed. "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have the authority to exercise supervision and control over the work" (Torres v City of New York, 127 AD3d at 1165 [internal quotation marks omitted]; see Ortega v Puccia, 57 AD3d at 61). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62). Here, Dolores, Carolyn, and William established, prima facie, that they did not have the authority to control, direct, or supervise the method or manner in which the plaintiff's work was performed. In opposition, the plaintiff failed to raise a triable issue of fact (see Marquez v L & M Dev. Partners, Inc., 141 AD3d at 698; Ortega v Puccia, 57 AD3d at 62).
In light of our determination, the parties' remaining contentions need not be reached.
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court