Castro v Brito (2025 NY Slip Op 01040)

Castro v Brito

2025 NY Slip Op 01040

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 800715/22|Appeal No. 3746|Case No. 2024-04464|

[*1]Edison Loja Castro, Plaintiff-Respondent,
v
Evelyn Brito et al., Defendants-Appellants.

Gerber Ciano Kelly Brady LLP, Buffalo (Brendan T. Fitzpatrick of counsel), for appellants.
McMahon & McCarthy, Bronx (Daniel C. Murphy of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered July 2, 2024, which, to the extent appealed from, granted plaintiff's motion for summary judgment on the Labor Law § 240(1) claim as against defendant Tito G. Villavicencio, denied Villavicencio's cross-motion for summary judgment dismissing that claim, and denied defendants' cross-motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims, unanimously affirmed, without costs.
Defendants hired plaintiff to repair the garage roof of a two-unit home, located at 532 Calhoun Avenue in the Bronx (the Premises). Plaintiff was allegedly injured when the wooden ladder he was using collapsed as he descended from the roof. He alleged that defendants provided a defective, unsecured ladder that was too short for the job. Plaintiff asserted causes of action for negligence and violations of Labor Law §§ 200, 240(1), and 241(6). While defendants married in 2010, Brito solely owned the Premises.
Plaintiff moved for summary judgment, arguing, inter alia, that Villavicencio was a proper Labor Law defendant, and that he had violated Labor Law § 240(1) by providing plaintiff a defective ladder. Plaintiff also averred that Villavicencio hired plaintiff to repair the garage roof that with Brito's authorization. Defendants opposed plaintiff's motion and cross-moved for summary judgment dismissing the complaint. Defendants argued that the homeowner's exemption barred plaintiff's Labor Law § 240(1) claim, that Labor Law § 200 and common-law negligence were inapplicable because they did not supervise his work, and that plaintiff was the sole proximate cause of the accident.
Supreme Court granted plaintiff's motion for summary judgment on his Labor Law § 240(1) claim against Villavicencio, denied Villavicencio's cross-motion for summary judgment dismissing that claim, dismissed the Labor Law § 240(1) claim as against Brito, and denied defendants' cross-motion for summary judgment dismissing the Labor Law § 200 claim and common-law negligence claims.
Defendant Villavicencio was not entitled to the homeowner's exemption under Labor Law § 240(1). Although Villavicencio was the spouse of the homeowner, defendant Evelyn Brito, Villavicencio was not a legal owner of the property where plaintiff worked (see Rodriguez v Mendlovits, 153 AD3d 566, 568 [2d Dept 2017]; Fisher v Coghlan, 8 AD3d 974, 975-976 [4th Dept 2004], lv dismissed 3 NY3d 702 [2004]). Villavicencio also lacked any legal interest in the property that would have entitled him to the exemption. "[T]he term 'owner' in sections 240 (1) and 241 (6) does not encompass a spousal relationship with the titleholder because that relationship does not create the requisite legal or beneficial interest in the property for purposes of those sections" (Fisher, 8 AD3d at 976).
Plaintiff established that Villavicencio is a statutory agent under Labor Law § 240(1). Villavicencio acted as the owner's agent by hiring plaintiff with [*2]Brito's authorization and providing materials and tools for the garage roof repair (see Badzio v East 68th St. Tenants Corp., 200 AD3d 591, 592 [1st Dept 2021]).
Plaintiff further established a prima facie case of entitlement to judgment as a matter of law on his Labor Law § 240(1) claim by showing he was provided with an old, unstable wooden ladder that was too short to reach the roof (see Soodin v Fragakis, 91 AD3d 535 [1st Dept 2012]). Video evidence confirmed the ladder's inadequacy (see Cuentas v Sephora USA, Inc., 102 AD3d 504 [1st Dept 2013]), and plaintiff demonstrated that the ladder "collapse[d] . . . for no apparent reason," entitling him to a "presumption" that it "was not good enough to afford proper protection" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8 [2003]).
Villavicencio failed to raise an issue of fact as to the Labor Law § 240(1) claim. Since plaintiff established that a violation of Labor Law § 240(1) proximately caused his injuries, plaintiff was not the sole proximate cause of the accident (see id. at 290-291). Even if a metal ladder shown in a photograph of the garage was available on the date of the accident, defendant's argument that plaintiff acknowledged that the metal ladder appeared taller than the wooden ladder in a photograph is unpersuasive, since "defendants failed to establish that, among other things: plaintiff knew that the taller ladder was available for his use; he was expected to use the taller ladder for his work; he chose for no good reason not to do so; and, he refused to follow a specific instruction to use the taller ladder for his work" (Morales v 2400 Ryer Ave. Realty, LLC, 190 AD3d 647, 648 [1st Dept 2021] [internal quotation marks and citations omitted]; compare Robinson v East Med. Ctr., LP, 6 NY3d 550, 553 [2006]).
Supreme Court properly denied defendants' motion for summary judgment on the Labor Law § 200 and common-law negligence claims. "Where the injury was caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (Prevost v One City Block LLC, 155 AD3d 531, 533-534 [1st Dept 2017] [internal quotation marks omitted]). Here, the evidence established that defendants exercised supervisory control over the means and methods of the work, such as by providing the ladder (see Breslin v Macy's, Inc., 211 AD3d 569, 569-570 [1st Dept 2022]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025