■ KI EOK KIM, Respondent, v JAMES LEE et al., Defendants, and GRACE HAN et al., Appellants. [793 NYS2d 194]—

In an action to recover damages for personal injuries, the defendants Grace Han and Yung Hwan Kim appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated October 7, 2003, as granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 to set aside a jury verdict in their favor on the issue of liability as against the weight of the evidence, and granted a new trial on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Grace Han asked the plaintiff to help her push a Ford Explorer out of a sloped driveway. Although the plaintiff initially refused, indicating that the vehicle was too heavy for him to push out of the driveway, after Han promised to help him push the vehicle, he consented. They did not discuss how

they were going to push the vehicle out of the driveway, and when they walked out to the driveway, the plaintiff went to the front of the vehicle, down the slope from the vehicle.

The vehicle was parked facing a brick wall, which separated two garages. The front of the vehicle was about two or five feet away from the brick wall. As the plaintiff stood in front of the center of the vehicle, with his hands on the hood or bumper of the vehicle, Han went to the driver's side of the vehicle to switch gears. She intended to put the vehicle in neutral, come out of the vehicle, and then help the plaintiff push the vehicle out of the driveway. When she switched the gear from park to neutral, Han did not press on the brake hard enough and the vehicle rolled down the sloped driveway. Within seconds, the vehicle hit the plaintiff pinning him against the brick wall.

At the bifurcated trial on the issue of liability, the jury was given a verdict sheet containing seven questions. The first question asked whether Han was negligent. If the jury answered, "no," then the jury was instructed to stop deliberating. If the jury answered, "yes," then it was instructed to determine whether Han's negligence was a substantial factor in causing the accident. Questions three through six dealt with the plaintiff's culpability.

The jury answered the first question in the negative and did not address the remaining questions. The plaintiff moved to set aside the verdict on the issue of liability as against the weight of the evidence. The Supreme Court granted the motion and granted a new trial.

Under the circumstances, the Supreme Court properly set aside the jury verdict on the issue of liability as against the weight of the evidence and granted a new trial on the issue of liability. The jury's verdict on the first question of the verdict sheet was not supported by any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129 [1985]; *cf. Kovit v Estate of Hallums*, 261 AD2d 442, 443 [1999]). Contrary to the appellants' contention, it cannot be implied from the jury's verdict that it found that the plaintiff assumed the risk of injury since the jury never reached that issue. Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.