■ WEON TAK HONG, Appellant, v ROADWAY EXPRESS Co. et al., Respondents. [799 NYS2d 818]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated May 13, 2004, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of that branch of his motion which was pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, that branch of the motion which was to set aside the jury verdict as against the weight of the evidence and for a new trial is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability, with costs to abide the event.

The plaintiff's left hand allegedly was injured when it was

struck by a metal bar from a truck owned by the defendant Roadway Express Co. and driven by the defendant Sam Carson. At a trial on the issue of liability, the plaintiff testified that he was standing at the end of the body of the defendant's truck receiving a delivery of supplies when a large metal load bar fell and struck his hand. Load bars lock into brackets along the walls of the truck to secure loads during transit. They are made of aluminum, and are approximately 10 feet long and weigh 20 to 30 pounds. When not in use, load bars are secured by chains in a vertical position near the edge of the body of the truck. The bar that struck the plaintiff's hand was being stored in such a vertical position. No one but the driver was allowed to touch the bars or chains, or to be inside the body of the truck. The plaintiff and his witness both testified that the plaintiff did not touch the bar prior to it striking his hand. As part of his direct case, the plaintiff read excerpts from Carson's deposition testimony. During his testimony, when asked what caused the load bar to fall, Carson stated: "Oh, okay. Either my body hit it or the pallet I was moving hit it." When he telephoned his manager to report the accident, Carson stated that he "briefly told him, you know, the load bar, it was like cut and dry, the load bar—the load bar hit one of our customers."

Carson testified for the defense at trial. He stated that his back was to the plaintiff at the time of the accident, and that he did not see and did not know how the load bar came to fall. When asked about his deposition testimony, Carson stated: "I said that might have been possible, but I don't remember." When pressed, he stated: "Well that was my first deposition really, a few things might have gone wrong there, you know, the question after question. I just don't know at that point. It was just a question that was hit [sic] to me. Maybe I answered just out of, you know—I don't know. I don't know." Finally, Carson testified that he never saw the plaintiff touch anything on the truck before the bar fell.

Based on the record, we find that the jury's verdict on the issue of liability in favor of the defendants and against the plaintiff could not have been reached upon any fair interpretation of the evidence (see CPLR 4404 [a]; *Bendersky v M & O Enters. Corp.*, 299 AD2d 434 [2002]; *Nicastro v Park*, 113 AD2d 129 [1985]). Accordingly, we reverse the judgment, reinstate the complaint, and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of liability.

In light of our determination, the plaintiff's remaining contention need not be reached. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.