■ ALBERT SCHWARTZBERG et al., Respondents, v KINGSBRIDGE HEIGHTS CARE CENTER, INC., et al., Appellants. [813 NYS2d 475]—

In an action to recover damages for breach of a contract to purchase two nursing homes, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered October 7, 2004, as, upon staying the plaintiffs' motion as to the deceased defendant, Michael Tenenbaum, in effect, granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside that portion of a jury verdict as to the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger which declined to award an attorney's fee and for a new jury trial on that issue.

Ordered that the appeal by the executors of the estate of Michael Tenenbaum is dismissed as the estate is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger.

In response to the first three questions on the verdict sheet, the jury determined, inter alia, that the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger breached an "Agreement of Sale" on August 8, 2000, and that the balance due on the purchase price was $764,190.71. Thus, the jury's answer to the fourth question, i.e., that the plaintiffs were not entitled to recover an award of an attorney's fee, was inconsistent with paragraph 1 of the indemnity agreement, which, as interpreted by the Supreme Court, required all the defendants to indemnify the plaintiffs for the attorney's fee and disbursements that they incurred in this action. The defendants Kinsbridge Heights Care Center, Inc., and Helen Sieger failed to raise in the Supreme Court their present contention that the idemnity agreement was insufficiently broad to embrace the attorney's fee the plaintiffs incurred in this action. We do not reach this issue as it is raised for the first time on appeal and does not present a question of law that could not have been avoided if brought to the Supreme Court's attention (*see Weiner v MKVII-Westchester*, 292 AD2d 597, 598 [2002]; *Block v Magee,* 146 AD2d 730, 732-733 [1989]). Moreover, the defendants Kinsbridge Heights Care Center, Inc., and Helen Sieger did not present any evidence at the trial to controvert the testimony given by the plaintiffs' attorney that the fees were reasonable and necessary.

The trial court providently exercised its discretion in setting aside the challenged part of the verdict as against the weight of the evidence because the jury could not have reached that part of the verdict upon any fair interpretation of the evidence (*see Weon Tak Hong v Roadway Express Co.,* 21 AD3d 483 [2005]; *Ki Eok Kim v Lee,* 17 AD3d 535, 536 [2005]). Contrary to the contention of the defendants Kingsbridge Heights Care Center, Inc., and Helen Sieger, the trial court also had the authority pursuant to CPLR 4404 (a) to order a new trial on the "separable issue" of an attorney's fee (*see generally Figliomeni v Board of Educ. of City School Dist. of Syracuse,* 38 NY2d 178 [1975]). Florio, J.P., Crane, Fisher and Dillon, JJ., concur.