■ ELVIRA VALENSISI, Appellant, v GREENS AT HALF HOLLOW, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents. McLEAN CONTRACTING, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [823 NYS2d 416]—

In an action to recover damages for wrongful death, etc., the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated May 12, 2005, as denied her

motion for summary judgment on the issue of liability on her cause of action alleging a violation of Labor Law § 240 (1), and granted those branches of the separate cross motions of the defendants and the third-party defendant which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the plaintiff's motion is granted, and those branches of the separate cross motions of the defendants and the third-party defendant which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) are denied.

The late Salvatore Valensisi (hereinafter the decedent) was employed as a laborer by the third-party defendant McLean Contracting, Inc. (hereinafter McLean). In April 2002 McLean entered into an agreement to construct a sewage treatment plant on property owned by the defendant Greens at Half Hollow, LLC. The defendant Half Hollow Construction Co., Inc., was the general contractor of the project. During the course of construction, two 36- by 42-inch openings were cut into fiberglass grating on the ground floor of the structure which covered an equalization tank. The openings, which were covered by two sheets of plywood, allowed materials, equipment, and tools to be lowered approximately 22 feet below ground to the equalization tank.

On July 13, 2002 the decedent's supervisor asked him to get some plywood to cover a portion of the fiberglass grating in order to prevent dirt from falling through the grating down to the equalization tank. The decedent suggested using the two plywood boards which were covering the openings near the entrance of the structure. Unaware that openings had been cut into the grating, the decedent's supervisor told him to grab the top piece of plywood. However, the decedent began sliding both pieces of plywood forward. The decedent had taken about one step when he fell through one of the openings to the equalization tank about 20 feet below, sustaining fatal injuries. After the accident, the United States Department of Labor issued McLean a citation for violating 29 CFR 1926.501 (b) (1), which requires that employees on a walking/working surface with an unprotected side or edge that is six feet or more above a lower level be protected from falling by use of guardrail systems, safety net systems, or a personal fall protection system.

The plaintiff subsequently commenced this action against the property owner and the general contractor of the project, and the defendants thereafter commenced a third-party action

against McLean. After discovery had been conducted, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), contending that the defendants had violated this provision because the openings were covered with unsecured plywood, there were no rails guarding the openings, and no safety devices were provided to the decedent. The defendants and McLean then separately cross-moved, inter alia, for summary judgment dismissing the Labor Law § 240 (1) cause of action, contending that the accident was not caused by the type of elevation risk contemplated by the statute, and that the decedent's conduct was the sole proximate cause of the accident. The Supreme Court denied the plaintiff's motion and granted the cross motions, concluding that the decedent's accident did not come within the scope of the statute because he was not performing work which exposed him to an elevation-related risk. We reverse.

Labor Law § 240 (1) imposes absolute liability upon owners and contractors who fail to provide or erect safety devices necessary to give proper protection to workers exposed to elevation-related hazards (*see Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]). The statute is designed to protect workers from gravity-related hazards such as falling from a height (*Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501), and must be liberally construed to accomplish the purpose for which it was framed (*see Rocovich v Consolidated Edison Co., supra* at 513). Here, the decedent was performing work at a building under construction in close proximity to two openings covered only with unsecured plywood boards, which had been cut into the grating in order to provide access to an equalization tank more than 20 feet below ground. Contrary to the Supreme Court's conclusion, under these circumstances, the decedent's work exposed him to an elevation-related risk within the scope of Labor Law § 240 (1) (*see Brandl v Ram Bldrs., Inc.*, 7 AD3d 655 [2004]; *Segarra v All Boroughs Demolition & Removal*, 284 AD2d 321 [2001]; *Griffin v MWF Dev. Corp.*, 273 AD2d 907 [2000]; *O'Connor v Lincoln Metrocenter Partners*, 266 AD2d 60 [1999]; *Aiello v Rockmor Elec. Enters.*, 255 AD2d 470 [1998]; *Carpio v Tishman Constr. Corp. of N.Y.*, 240 AD2d 234 [1997]; *Klos v New York City Tr. Auth.*, 240 AD2d 635 [1997]).

In opposition to the plaintiff's prima facie showing that the defendants violated Labor Law § 240 (1) by failing to provide or erect safety devices necessary to give proper protection to the

decedent, the defendants and McLean failed to raise a triable issue of fact as to whether the decedent's actions were the sole proximate cause of the accident. Notably, the decedent's supervisor requested him to obtain plywood, and agreed that they could use at least one of the two boards which covered the openings in the grating (*see Pichardo v Aurora Contrs., Inc.*, 29 AD3d 879 [2006]). Furthermore, where, as here, a violation of Labor Law § 240 (1) is a proximate cause of an accident, the worker's conduct cannot be deemed solely to blame for it (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290 [2003]; *Nimirovski v Vornado Realty Trust Co.*, 29 AD3d 762 [2006]; *Brandl v Ram Bldrs., Inc., supra*). Accordingly, the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) should have been granted and the cross motions denied. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.