■ Ronald Payne, Respondent, v City of New Rochelle, Appellant. [835 NYS2d 425]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated June 26, 2006, as denied those branches of its motion were for summary judgment dismissing the complaint for failure to comply with General Municipal Law § 50-e and for summary judgment dismissing the causes of action based on common-law negligence and violation of Labor Law § 200, and violation of Labor Law § 241 (6) insofar as it was premised on violation of 12 NYCRR 23-4.2 (i).

Ordered that the order is modified, on the law, by deleting the

provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the causes of action based on common-law negligence and violation of Labor Law § 200 and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action based on common-law negligence and violation of Labor Law § 200. The defendant demonstrated, prima facie, that it did not have the authority to supervise and control the plaintiff's work or to correct the unsafe condition that allegedly caused the plaintiff's injury (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-888 [1993]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Smith v 499 Fashion Tower, LLC*, 38 AD3d 523 [2007]; *Peay v New York City School Constr. Auth.*, 35 AD3d 566, 567 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

However, the court properly denied that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action insofar as it was premised on violation of 12 NYCRR 23-4.2 (i). In response to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether the defendant failed to guard an unattended open excavation that was at least three feet deep (*see* 12 NYCRR 23-4.2 [i]; *Caradori v Med Inn Ctrs. of Am.*, 5 AD3d 1063, 1064 [2004]; *see generally Perron v Hendrickson/ Scalamandre/Posillico [TV]*, 22 AD3d 731, 732 [2005]).

The defendant's remaining contention is without merit. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.