■ Andreas Grigoropoulos, Appellant, v Spiros Moshopoulos, Respondent, and Tasty Pizza, Defendant and Third-Party Plaintiff-Appellant. A. International, Ltd., Third-Party Defendant-Respondent. [845 NYS2d 94]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Queens County (Schulman, J.), dated March 6, 2006, as granted those branches of the separate motions of the third-party defendant A. International, Ltd., and the defendant Spiros Moshopoulos which were for summary judgment dismissing the complaint insofar as asserted against them to the extent that it is premised upon an alleged violation of Labor Law § 240 (1), and (2) a judgment of the same court entered May 18, 2006, as, upon the order, is in favor of the third-party defendant A. International, Ltd., and the defendant Spiros Moshopoulos and against him dismissing the complaint to the extent the complaint is premised upon an alleged violation of Labor Law § 240 (1) insofar as asserted against them, and the defendant and third-party plaintiff Tasty Pizza, separately appeals, as limited by its notice of appeal and brief, from so much of (1) the order dated March 6, 2006, as granted the motion of the third-party defendant A. International, Ltd., for summary judgment dismissing the complaint and all cross claims insofar as asserted against A. International, Ltd., and (2) the judgment entered May 18, 2006, as, upon the order, is in favor of the third-party defendant A. International, Ltd., dismissing the complaint and all cross claims insofar as asserted against A. International, Ltd. The notice of appeal of the defendant and third-party plaintiff Tasty Pizza from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the appeal by Tasty Pizza from the judgment is dismissed, as Tasty Pizza is not aggrieved by the judgment; and it is further,

Ordered that the judgment is reversed insofar as appealed from by the plaintiff, on the law, those branches of the separate motions of the third-party defendant A. International, Ltd., and the defendant Spiros Moshopoulos which were for summary judgment dismissing the complaint insofar as asserted against them to the extent that it is premised upon an alleged violation of Labor Law § 240 (1) are denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Spiros Moshopoulos and the third-party defendant A. International, Ltd., and one bill of costs is awarded to the third-party defendant A. International, Ltd., payable by the defendant Tasty Pizza.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the plaintiff's appeal from the order are brought up for review and have been considered on the plaintiff's appeal from the judgment (see CPLR 5501 [a] [1]).

Contrary to the contentions of the third-party defendant A. International, Ltd. (hereinafter AIL), and the defendant Spiros Moshopoulos, the plaintiff's accident came within the ambit of elevation-related risks to which Labor Law § 240 (1) applies. The evidence demonstrates that the plaintiff was required to stand upon a makeshift plywood platform in order to perform his work, and that he was injured when the plywood gave way under him and he fell into the basement below (see Godoy v Baisley Lbr. Corp., 40 AD3d 920 [2007]; Figueiredo v New Palace Painters Supply Co. Inc., 39 AD3d 363 [2007]; Valensisi v Greens at Half Hollow, LLC, 33 AD3d 693 [2006]; John v Baharestani, 281 AD2d 114 [2001]; Becerra v City of New York, 261 AD2d 188 [1999]; Ciancio v Woodlawn Cemetery Assn., 249 AD2d 86 [1998]; Tooher v Willets Point Contr. Corp., 213 AD2d 856 [1995]). However, triable issues of fact exist with regard to whether liability under the statute may be imposed against Moshopoulos under the circumstances of this case (see generally Abbatiello v Lancaster Studio Assoc., 3 NY3d 46 [2004]), as well as with regard to whether AIL acted as the general contractor for the project so as to subject it to liability pursuant to Labor Law § 240 (1) (see generally Relyea v Bushneck, 208 AD2d 1077 [1994]).

We note that the judgment did not dismiss the third-party complaint of Tasty Pizza, and that Tasty Pizza does not assert any cross claims against AIL. Therefore, Tasty Pizza is not aggrieved by the judgment. Schmidt, J.P., Spolzino, Santucci and Dickerson, JJ., concur.