■ JOHN PAYNE, JR., Appellant-Respondent, v 100 MOTOR PARKWAY ASSOCIATES, LLC, Defendant and Second Third-Party Plaintiff-Respondent-Appellant, TRITEC REAL ESTATE COMPANY, INC., Reasondent-Appellant, TRITEC BUILDING, Defendant and Third-Party Paintiff-Respondent-Appellant, and DARR CONSTRUCTION EQUIPMENT CORP., Dendant and Third-Party Defendant-Respondent. GENERAL CONCRETE CONSTRUCTION, INC., Third-Party and Second Third-Party Defendant. [846 NYS2d 211]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated July 6, 2006, as (a) granted that branch of the motion of the defendant third-party defendant Darr Construction Equipment Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, (b) granted that branch of the cross motion of the defendant Tritec Real Estate Company, Inc., and the defendant third-party plaintiff Tritec Building Company, Inc., sued herein as Tritec Building, and the defendant second third-party plaintiff 100 Motor Parkway Associates, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them, and (c) granted that branch of the cross motion of the third-party defendant/second third-party defendant General Concrete Construction, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Tritec Real Estate Company, Inc., the defendant third-party plaintiff Tritec Building Company, Inc., sued herein as Tritec Building, and the defendant second third-party plaintiff 100 Motor Parkway Associates, LLC, cross-appeal, as limited by their brief, from so much of the same order as (a) denied those branches of their cross motion which were for summary judgment on their claims for contractual and common-law indemnification asserted against the defendant third-party defendant Darr Construction Equipment Corp. and the third-party defendant/second third-party defendant General Concrete Construction, Inc., and (b) granted that branch of the motion of the defendant third-party defendant Darr Construction Equipment Corp. which was for summary judgment dismissing the claims for contractual and common-law indemnification insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the cross motion of the defendant Tritec Real Estate Company, Inc., the defendant third-party plaintiff, Tritec Building Company, Inc., sued herein as Tritec Building, and the defendant second third-party plaintiff 100 Motor Parkway Associates, LLC, which was for summary judgment on their claims for contractual and common-law indemnification asserted against the defendant third-party defendant Darr Construction Equipment Corp., and the third-party defendant/second third-party defendant General Concrete Construction, Inc., and substituting therefor a provision granting that branch of the cross motion which was for summary judgment on the claims for contractual indemnification insofar as they were to recover costs, disbursements, and attorney's

fees incurred by the defendant Tritec Real Estate Company, Inc., the defendant third-party plaintiff Tritec Building Company, Inc., sued herein as Tritec Building, and the defendant second third-party plaintiff 100 Motor Parkway Associates, LLC, in defending the action and dismissing as academic the remainder of the claims for contractual and common-law indemnification, and (2) by deleting the provision thereof granting that branch of the motion of the defendant third-party defendant Darr Construction Equipment Corp. which was for summary judgment dismissing so much of the claims for contractual and common-law indemnification as were to recover costs, disbursements, and attorney's fees incurred by the defendant Tritec Real Estate Company, Inc., the defendant third-party plaintiff Tritec Building Company, Inc., sued herein as Tritec Building, and the defendant second third-party plaintiff 100 Motor Parkway Associates, LLC, in defending the action, insofar as asserted against the defendant third-party defendant Darr Construction Equipment Corp. and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the amount of costs, disbursements, and attorney's fees to be awarded on the claims for contractual indemnification against Darr Construction Equipment Corp. and General Concrete Construction, Inc.

The plaintiff, an employee of General Concrete Construction, Inc. (hereinafter General), fell while working at a construction site at 100 Motor Parkway in Hauppauge (hereinafter the project site), and sustained personal injuries. He sued the owner of the site, 100 Motor Parkway Associates, LLP (hereinafter 100 Motor), and the general contractor Tritec Real Estate Company, Inc. (hereinafter Tritec RE). He later amended his complaint to add Tritec Building Company, Inc., sued herein as Tritec Building (hereinafter Tritec Building) (hereinafter Tritec RE and Tritec Building are together Tritec), and Darr Construction Equipment Corp. (hereinafter Darr), the excavating subcontractor on the site. The plaintiff asserted, inter alia, causes of action to recover damages for violation of Labor Law §§ 200 and 241 (6), and for common-law negligence.

100 Motor and Tritec impleaded General and interposed cross claims against Darr, both subcontractors on the project site, for contractual and common-law indemnification.

The Supreme Court properly dismissed the plaintiff's Labor

Law § 241 (6) claims because the defendants established, prima facie, that the provisions of the Industrial Code upon which the plaintiff relied were inapplicable to the facts of this case, as all three regulations were intended to prevent accidents or to protect classes of persons other than those involved here (*see Ruland v Long Is. Power Auth.*, 5 AD3d 580 [2004]; *Boss v Integral Constr. Corp.*, 249 AD2d 214, 215 [1998]; *Friot v Wal-Mart Stores*, 240 AD2d 890, 891 [1997]; *DeLong v State St. Assoc.*, 211 AD2d 891 [1995]).

With respect to the plaintiff's causes of action to recover damages for violation of Labor Law § 200 and for common-law negligence, the plaintiff's injuries arose not from the manner in which the work was being performed, but rather, from an allegedly dangerous condition on the property. Under such circumstances, "a general contractor may be liable in common-law negligence and under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]; *see McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796 [2007]). Here, Tritec, as general contractor, established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have either actual or constructive notice of the allegedly dangerous condition, and the plaintiff failed to raise any issue of fact in opposition (*see Lombardi v Stout*, 80 NY2d 290 [1992]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Payne v City of New Rochelle*, 40 AD3d 608 [2007]; *Lofaso v J.P. Murphy Assoc.*, 37 AD3d 769 [2007]). By contrast, 100 Motor, the owner, may be held liable for the plaintiff's injuries under Labor Law § 200 and for common-law negligence if the plaintiff was injured as a result of a dangerous condition on its property, of which it had actual or constructive notice, irrespective of whether it supervised the plaintiff's work (*see Kerins v Vassar Coll.*, 15 AD3d 623, 626 [2005]; *Blanco v Oliveri*, 304 AD2d 599 [2003]). However, in support of its summary judgment motion, 100 Motor established that it did not have any notice of the condition which allegedly caused the plaintiff's injuries, and the plaintiff failed to raise any issue of fact in opposition thereto. Accordingly, both Tritec and 100 Motor were entitled to summary judgment on these causes of action.

With respect to the plaintiff's cause of action alleging common-law negligence against Darr, Darr satisfied its burden of demonstrating its entitlement to judgment as a matter of law on the ground that it was not negligent in performing the excavation (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d

851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), and the plaintiff failed to put forth admissible evidence (*see Ruck v Levittown Norse Assoc., LLC*, 27 AD3d 444, 445 [2006]) to raise a triable issue of fact as to whether Darr's performance of the excavation was a proximate cause of his injuries (*cf. Marano v Commander Elec., Inc.*, 12 AD3d 571, 572 [2004]).

We note that the Supreme Court correctly found that the plaintiff's affidavit, submitted in opposition to the motion and cross motions, was inconsistent with his deposition testimony, and merely raised a feigned factual issue designed to avoid the consequences of his earlier admissions (*see Shapiro v Munoz*, 28 AD3d 638 [2006]; *Israel v Fairharbor Owners, Inc.*, 20 AD3d 392 [2005]).

The plaintiff's remaining contentions are improperly raised for the first time on appeal (*see Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc.*, 28 AD3d 466 [2006]).

In light of the dismissal of the main action, the third-party and second third-party complaints and the cross claims for contractual and common-law indemnification, except for the claims by 100 Motor and Tritec to recover the costs, disbursements, and attorney's fees incurred by them in defending the action, should have been dismissed as academic (*see Hoover v International Bus. Machs. Corp.*, 35 AD3d 371 [2006]; *Cardozo v Mayflower Ctr., Inc.*, 16 AD3d 536 [2005]). Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.