■ Thomas C. Smith et al., Respondents, v Cari, LLC, Appellant. [855 NYS2d 245]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated March 26, 2007, which granted the plaintiffs' motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action to the extent it is based on a violation of 12 NYCRR 23-1.16 and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

Labor Law § 240 (1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494 [1993]; *Andino v BFC Partners,* 303 AD2d 338, 339 [2003]). The plaintiffs established that at the time of the accident the injured plaintiff was engaged in an elevation-related repair specifically protected by Labor Law § 240 (1) and that the defendant owner's failure to provide him with any safety devices proximately caused his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 289 [2003]; *Striegel v Hillcrest Hgts. Dev. Corp.,* 100 NY2d 974, 977 [2003]; *Armentano v Broadway Mall Props., Inc.,* 30 AD3d 450, 450-451 [2006]; *Gardner v New York City Tr. Auth.,* 282 AD2d 430, 431 [2001]; *Turisse v Dominick Milone, Inc.,* 262 AD2d 305, 306 [1999]). In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted the plaintiffs' motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

An owner may be held liable under Labor Law § 200 and for common-law negligence for a plaintiff's injuries resulting from a dangerous condition on the premises if the owner had actual or constructive notice of the dangerous condition (*see Payne v 100 Motor Parkway Assoc., LLC,* 45 AD3d 550, 553 [2007]; *Kerins v Vassar Coll.,* 15 AD3d 623, 626 [2005]). The defendant failed to meet its prima facie burden for summary judgment on this cause of action. The evidence demonstrates that the defendant had actual knowledge of the unsafe condition of the ladder since, a few weeks earlier, it had been cited for a fire code violation for the ladder's unsecured condition, and the defendant had hired the plaintiff's employer to remedy the defect.

The plaintiffs' cause of action pursuant to Labor Law § 241 (6) is premised on violations of 12 NYCRR 23-1.16, which concerns safety belts, and 12 NYCRR 23-1.21 (b) (1), which requires that "[e]very ladder shall be capable of sustaining without breakage, dislodgment or loosening of any component at least four times the maximum load intended to be placed thereon." The defendant failed to meet its prima facie burden of establishing that 12 NYCRR 23-1.21 (b) (1) is inapplicable. Moreover, although the injured plaintiff's employer had been hired to cure fire code violations by repairing the top of the water tank on the roof of the building, and securing the ladder attached to the water tank from which he fell, the fact that the injured plaintiff fell from the ladder that he was repairing does not bar him from recovering under Labor Law § 241 (6). At the time of the accident he was not repairing the ladder, but was using it as his sole means of accessing the roof of the water tank the defendant had also engaged his employer to repair (cf. Gaisor v Gregory Madison Ave., LLC, 13 AD3d 58, 60 [2004]; Alvia v Teman Elec. Contr., 287 AD2d 421 [2001]).

However, the defendant established, prima facie, that 12 NYCRR 23-1.16 was inapplicable because it would only apply in this case if a safety belt had been provided to the injured plaintiff (see Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616 [2008]; Dzieran v 1800 Boston Rd., LLC, 25 AD3d 336, 337 [2006]; Avendano v Sazerac, Inc., 248 AD2d 340, 341 [1998]). In opposition, the plaintiffs failed to establish that a safety belt was provided to the injured plaintiff. Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was to dismiss the Labor Law § 241 (6) cause of action to the extent that it is based on 12 NYCRR 23-1.16. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.