■ James F. Wynne, Respondent, v State of New York, Appellant. [863 NYS2d 222]—

In a claim to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Mignano, J.), dated August 20, 2007, as denied that branch of its motion which was for summary judgment dismissing so much of the claim as sought to recover damages for common-law negligence and violation of Labor Law § 200.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 25, 2002, the claimant was working as a dump truck driver on a project to construct an exit ramp at the Route 17/Route 94 interchange at Exit 126 in the Town of Chester in

Orange County. The defendant, State of New York, was the owner of the property. While the claimant's fully-loaded dump truck was stopped on the dirt roadway which was to become the exit ramp, the ground underneath the dump truck collapsed when the roof of an underground septic tank or cistern (hereinafter the tank) collapsed. The rear of the truck fell into the ground onto the collapsed roof of the tank while the front end of the truck was thrown upwards. Prior to the commencement of the construction, the State conducted investigations of the property to determine if the property was suitable to construct the exit ramp, which consisted of visual inspections, performance of environmental tests, conducting soil tests around the accident site, and taking aerial photographs.

The claimant alleged that his injuries were caused, inter alia, by the State's failure to perform a reasonable investigation such that it would have discovered the presence of the underground tank. The State moved for summary judgment dismissing the claim. The Court of Claims granted that branch of the State's motion which was for summary judgment dismissing so much of the claim as sought to recover damages for the alleged violations of Labor Law §§ 240 and 241 (6) and denied that branch of the motion which was for summary judgment dismissing so much of the claim as sought to recover damages for common-law negligence and violation of Labor Law § 200. The State appeals.

Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to maintain a safe construction site (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317 [1981]; Biafora v City of New York, 27 AD3d 506, 507 [2006]; Paladino v Society of N.Y. Hosp., 307 AD2d 343, 344 [2003]). Where a claimant's injuries stem not from the manner in which the work was being performed but, rather, from a dangerous condition on its property, an owner may be liable for common-law negligence and violation of Labor Law § 200 if it has actual or constructive notice of the dangerous condition, irrespective of whether it supervised the claimant's work (see Payne v 100 Motor Parkway Assoc., LLC, 45 AD3d 550, 553 [2007]; Kerins v Vassar Coll., 15 AD3d 623, 626 [2005]; Blanco v Oliveri, 304 AD2d 599 [2003]; see also Smith v Cari, LLC, 50 AD3d 879 [2008]).

In opposition to the State's prima facie showing of entitlement to judgment as a matter of law, the claimant raised a triable issue of fact through his expert affidavit as to whether the State had constructive notice of the allegedly dangerous condi-

tion which caused the claimant's accident (*see generally Bradley v Morgan Stanley & Co., Inc.*, 21 AD3d 866, 869 [2005]). Specifically, the claimant raised a triable issue of fact as to whether the State performed a reasonable investigation of the property prior to construction in light of certain structures located adjacent to the accident site and the property's prior use such that a diligent inspection would have disclosed the tank that caused the claimant's injury (*see generally De Witt Props. v City of New York*, 44 NY2d 417, 424 [1978]; *Monroe v City of New York*, 67 AD2d 89, 96 [1979]; *Lunde v Nichols Yacht Sales*, 143 AD2d 816, 818 [1988]; *cf. Kennedy v McKay*, 86 AD2d 597, 598 [1982]).

Accordingly, the Court of Claims properly denied that branch of the State's motion which was for summary judgment dismissing so much of the claim as sought to recover damages for common-law negligence and violation of Labor Law § 200. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.