■ RENATO ORTIZ, Appellant, v 164 ATLANTIC AVENUE, LLC, et al., Defendants Third-Party Plaintiffs-Respondents, and ONE MAIN STREET CONSTRUCTION CORP., Respondent. DINO'S SHEETROCK CORP., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [909 NYS2d 745]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated September 2, 2009, which denied his motion for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), based on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1).

Ordered that the order is reversed, on the law, with one bill of

costs payable by the respondents appearing separately and filing separate briefs, and the plaintiff's motion for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), based on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1), is granted.

This action arises from a construction site accident that occurred on January 4, 2006, at a building owned by the defendant 164 Atlantic Avenue, LLC (hereinafter 164 Atlantic), when the plaintiff, a carpenter employed by the third-party defendant, Dino's Sheetrock Corp. (hereinafter Dino's), fell from a seven-foot high metal scaffold while attempting to dislodge a ceiling pipe with a hammer. After the plaintiff's initial fall from the scaffold, he continued to fall into an unprotected three-by-four feet "hole" in the temporary plywood floor, landing in the basement and sustaining injuries.

In 2007, the plaintiff commenced this action to recover damages for his personal injuries against the general contractor, which was the defendant One Main Street Construction Corp., the manager for the renovation project, which was the defendant Two Trees Management Co., LLC (hereinafter Two Trees), and 164 Atlantic (hereinafter collectively the defendants), alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The defendants, in turn, commenced third-party actions against Dino's, seeking, inter alia, contribution and contractual and common-law indemnification.

Following the conclusion of discovery, the plaintiff moved for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law § 240 (1) as well as section 241 (6), based on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1). The defendants contended that the evidence raised issues of fact as to whether, inter alia, the plaintiff's alleged conduct was the sole proximate cause of his injuries. The Supreme Court denied his motion, and we reverse.

"Labor Law § 240 (1) imposes absolute liability on owners, contractors and agents for their failure to provide workers with safety devices that properly protect against elevation-related special hazards. Breach of the statutory duty must be the proximate cause of the injury. The statute is to be interpreted liberally to accomplish its purpose" (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]; *see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 512-514 [1991]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 514 [1985]). In order to prevail on a Labor Law § 240 (1) claim, the plaintiff must establish a violation of the statute and that the violation

was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]; *Smith v Cari, LLC*, 50 AD3d 879, 880 [2008]; *Norwood v Whiting-Turner Contr. Co.*, 40 AD3d 718 [2007]; *Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 695 [2006]).

Applying these principles to the matter at bar, the Supreme Court erred in denying the plaintiff's motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). The plaintiff met his prima facie burden with evidence that he was not provided with an adequate safety device (*see Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc.*, 56 AD3d 264, 265 [2008]; *Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 204 [2007]), and that such Labor Law § 240 (1) violation was a proximate cause of his accident (*see Grigoropoulos v Moshopoulos*, 44 AD3d 1003, 1004 [2007]; *Crespo v Triad, Inc.*, 294 AD2d 145, 146-147 [2002]; *Robertti v Powers Chang*, 227 AD2d 542, 543 [1996]; *Richardson v Matarese*, 206 AD2d 353 [1994]; *Clute v Ellis Hosp.*, 184 AD2d 942, 944 [1992]).

In opposition, the defendants failed to raise a triable issue of fact as to the existence of a Labor Law § 240 (1) violation or whether the plaintiff's alleged actions were the sole proximate cause of his accident (*see Tapia v Mario Genovesi & Sons, Inc.*, 72 AD3d 800, 801 [2010]; *Valensisi v Greens at Half Hollow, LLC*, 33 AD3d at 695-696). Contrary to the defendants' contention, the record does not support a finding that the plaintiff was a recalcitrant worker. It is undisputed that the defendants failed to furnish the plaintiff with certain safety devices, or to provide him with "immediate specific instructions to use an actually available safety device or to avoid using a particular unsafe device" (*Walls v Turner Constr. Co.*, 10 AD3d 261, 262 [2004], *affd on other grounds* 4 NY3d 861, 862 [2005]; *see Zong Mou Zou v Hai Ming Constr. Corp.*, 74 AD3d 800 [2010]; *Santo v Scro*, 43 AD3d 897, 898-899 [2007]; *cf. Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39-40 [2004]). Moreover, " '[t]he availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures' " (*Nimirovski v Vornado Realty Trust Co.*, 29 AD3d 762, 762 [2006], quoting *Conway v New York State Teachers' Retirement Sys.*, 141 AD2d 957, 958-959 [1988]).

The plaintiff's cause of action to recover damages pursuant to Labor Law § 241 (6) is premised on a violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1), which mandates that holes or "hazardous openings" at construction sites "into which a person

may step or fall" be "guarded by a substantial cover fastened in place or by [the installation of] a safety railing" (*see Keegan v Swissotel N.Y.*, 262 AD2d 111, 114 [1999]). Here, the plaintiff established prima facie that, when he fell from the scaffold, he fell through an unprotected hole or opening in the temporary plywood floor, constituting "an elevator shaft," which had not been properly covered (*see Uluturk v City of New York*, 298 AD2d 233 [2002]; *Gottstine v Dunlop Tire Corp.*, 272 AD2d 863, 864-865 [2000]). In opposition, the defendants failed to demonstrate that the cited regulation is inapplicable to the extant circumstances, or that its violation was not the proximate cause of the plaintiff's accident (*see Treu v Cappelletti*, 71 AD3d 994 [2010]; *Smith v Cari, LLC*, 50 AD3d at 881; *Guerra v Port Auth. of N.Y. & N.J.*, 35 AD3d 810, 811 [2006]; *cf. Rookwood v Hyde Park Owners Corp.*, 48 AD3d 779, 781 [2008]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) as well as Labor Law § 241 (6), based on a violation of Industrial Code (12 NYCRR) § 23-1.7 (b) (1). Santucci, J.P., Balkin, Belen and Chambers, JJ., concur.