█ ROBERT NORERO, Appellant, v 99-105 THIRD AVENUE REALTY, LLC, et al., Respondents, et al., Defendant. (And a Third-Party Action.) [945 NYS2d 720]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated April 18, 2011, as denied, as premature, his motion, in effect, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendants 99-105 Third Avenue Realty, LLC, and Bella Builders Associates, LLC.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion, in effect, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against the defendants 99-105 Third Avenue Realty, LLC, and Bella Builders Associates, LLC, is granted.

The defendant 99-105 Third Avenue Realty, LLC (hereinafter 99-105), which owned a multi-story building, engaged the defendant Bella Builders Associates, LLC (hereinafter Bella), as general contractor on a construction project at the building. Pursuant to subcontracts with Bella, the defendant Casur Corp. performed the "interior core and shell work," and the third-party defendant, JLC Corp. (hereinafter JLC), performed asbestos removal work.

On July 26, 2008, the plaintiff, an employee of JLC, allegedly was injured when, while working on the fifth floor of the building, he partially fell into an unprotected opening in the floor that was large enough for his body to have passed through. He commenced this action, alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6).

The plaintiff moved, in effect, for summary judgment on the issue of liability on his causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against 99-105 and Bella. However, the Supreme Court, observing that certain discovery remained outstanding, denied that motion as premature.

"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent

in elevated work sites" (*McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *see Valensisi v Greens at Half Hollow, LLC*, 33 AD3d 693, 695 [2006]). To prevail on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]).

Labor Law § 241 (6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]). To prevail on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 503-505).

Here, the plaintiff established, prima facie, that he was not provided with proper protection under Labor Law § 240 (1), that the failure to provide such protection also violated a specific and applicable provision of the Industrial Code (*see* 12 NYCRR 23-1.7 [b] [1] [i]), and that this failure was the proximate cause of his alleged injuries (*see Ortiz v 164 Atl. Ave., LLC*, 77 AD3d 807, 808-810 [2010]). In opposition, 99-105 and Bella failed to raise a triable issue of fact. Furthermore, contrary to their contention, the plaintiff's motion was not premature, as they failed to demonstrate how discovery may reveal or lead to relevant evidence or that "facts essential to opposing the motion were exclusively within" another party's "knowledge and control" (*Espada v City of New York*, 74 AD3d 1276, 1277 [2010]; *see* CPLR 3212 [f]; *Naranjo v Star Corrugated Box Co., Inc.*, 22 AD3d 545, 545-546 [2005]).

Accordingly, the Supreme Court should have granted the plaintiff's motion, in effect, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against 99-105 and Bella. Skelos, J.P., Florio, Roman and Miller, JJ., concur.