Vita v New York Law Sch. (2018 NY Slip Op 05073)





Vita v New York Law Sch.


2018 NY Slip Op 05073


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-07603
 (Index No. 771/11)

[*1]Michael Vita, appellant, 
v
New York Law School, et al., respondents (and third-party actions).


Robert A. Cardali & Associates, LLP (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Barry, McTiernan & Moore LLC, New York, NY (Laurel A. Wedinger of counsel), for respondent New York Law School.
Cartafalsa, Slattery, Turpin & Lenoff, New York, NY (Michael Lenoff of counsel), for respondent Henick-Lane, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated May 13, 2015, which granted those branches of the defendants' separate motions which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant New York Law School which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and substituting therefore a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the defendant Henick-Lane, Inc., payable by the plaintiff.
The plaintiff, a shop steward, was working for Pavarini McGovern (hereinafter Pavarini) on a project to construct a new building for the defendant New York Law School (hereinafter the law school). Pavarini was the general contractor on the project. In a subcontract, Pavarini hired the defendant Henick-Lane, Inc. (hereinafter Henick), to do the piping for the air conditioning on the project, and Henick subcontracted that work out to Bradshaw Mechanical Co., Inc. The plaintiff alleged that he was injured when he tripped over a condensate pipe that was attached to an HVAC unit in a mechanical room, which was also used as a storage space. The pipe was attached to the HVAC unit on one side of the room and extended across the floor. The plaintiff alleged that he had been moving items in the room and walked over the pipe several times before he tripped over it. The plaintiff alleged that, at the time of the incident, he was carrying a 60-pound pallet in one hand and a box of filters in the other, and as he was walking across the room, his left foot went underneath the pipe, causing him to trip and sustain injuries.
Thereafter, the plaintiff commenced this action against the law school, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6), [*2]and alleging, inter alia, that the law school "failed and neglected to provide the plaintiff with an adequately safe work area." The law school commenced a third-party action against Henick, alleging common-law negligence and failure to procure insurance, and seeking contribution, contractual indemnification, and an award of attorney's fees. The plaintiff subsequently filed an amended complaint adding Henick as a defendant. The law school and Henick separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The Supreme Court granted those branches of the motions, and the plaintiff appeals.
Labor Law § 200 codifies the common-law duty imposed upon owners, contractors, or their agents to maintain a safe construction site (see Sanders v St. Vincent Hosp., 95 AD3d 1195, 1195; Bruno v Board of Educ. of Cent. School Dist. #5, 74 AD3d 1114, 1115). Where, as here, the plaintiff contends that his or her injuries arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability under Labor Law § 200 and common-law negligence may be imposed upon a subcontractor where it had control over the work site and either created the allegedly dangerous condition or had actual or constructive notice of it (see Payne v 100 Motor Parkway Assoc., LLC, 45 AD3d 550, 553; see also Bruno v Board of Educ. of Cent. School Dist. #5, 74 AD3d at 1115; Morgan v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 50 AD3d 866, 867).
Here, Henick, as a subcontractor, established, prima facie, through the deposition testimony of its owner, the plaintiff, and the general contractor, that it never had control over the work site, and the plaintiff failed to raise a triable issue of fact in opposition (see Payne v 100 Motor Parkway Assoc., LLC, 45 AD3d at 553). Therefore, the Supreme Court properly granted that branch of Henick's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it.
A property owner may be held liable under Labor Law § 200 and for common-law negligence for injuries if the plaintiff was injured as result of a dangerous condition on the property which the owner either created or had actual or constructive notice of (see Sanders v St. Vincent Hosp., 95 AD3d at 1195; Rojas v Schwartz, 74 AD3d 1046, 1047; Payne v 100 Motor Parkway Assoc., LLC, 45 AD3d at 553). Here, the law school, which is the property owner, failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it since it did not submit any evidence to show that it did not create the condition and that it lacked actual or constructive notice of the allegedly dangerous condition on its premises (see Kolari v Whitestone Constr. Corp, 138 AD3d 1070, 1071; Smith v Cari, LLC, 50 AD3d 879, 880). Irrespective of the sufficiency of the papers submitted in opposition to the law school's motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), the Supreme Court should have denied that branch of the law school's motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it.
Nevertheless, the Supreme Court properly granted those branches of the separate motions of the law school and Henick which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against each of them. To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff "must set forth a violation of a specific rule or regulation promulgated by the Commissioner of the Department of Labor" (Brown v Brause Plaza, LLC, 19 AD3d 626, 628). Here, the plaintiff alleged a violation of 12 NYCRR 23-1.7(e)(2), which requires that the "parts of floors, platforms and similar areas where persons work or pass" be kept free, inter alia, from accumulations of dirt, debris, scattered tools, materials, and sharp projections "insofar as may be consistent with the work being performed." The defendants demonstrated that 12 NYCRR 23-1.7(e)(2) is inapplicable because the subject pipe did not constitute dirt, debris, scattered tools, materials, or sharp projections (see 12 NYCRR 23-1.7[e][2]). Moreover, 12 NYCRR 23-1.7(e)(2) has no application if an object that a plaintiff trips over is permanent and an integral part of what was being constructed (see O'Sullivan v IDI Constr. Co., Inc., 7 NY3d 805, 806; Castillo v Starrett City, 4 AD3d 320, 322; see also Trombley v DLC Elec., LLC, 134 AD3d 1343, 1344; Verel v Ferguson Elec. Constr. Co., Inc., 41 AD3d 1154, 1157). Since the deposition testimony of Peter Redmond, the Pavarini construction manager, demonstrated [*3]that the pipe at issue was permanent and an integral part of the construction, the requirements of 12 NYCRR 23-1.7(e)(2) are inapplicable. The defendants therefore established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action. In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against each of them.
The law school's remaining contention is without merit.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court